**FILED - GR**

December 11, 2009 1:46 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw__/__ ___

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **Meredith Carson,** )<br><br>Plaintiff, )<br><br>v. )<br><br>**Consumer Recovery Associates,** )<br>**LLC,** a Virginia limited liability )<br>company, and **James G. Fox III,** )<br><br>Defendants. ) | **1:09-cv-1120**<br>Hon. **Robert J. Jonker**<br>**U.S. District Judge** |

### Complaint

**I.      Introduction**

1.      This is an action for damages and declaratory relief, brought by a consumer

against debt collectors for violating the federal Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L., § 339.901 *et*

*seq.*

**II.      Jurisdiction**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331.  This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28

U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place

here.

**III.      Parties**

3.      Plaintiff Meredith Carson is a natural person residing in Barry County, Michigan.

1

Ms. Carson is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.
Ms. Carson is a "consumer," "debtor" and "person" as the terms are defined and/or used in the
MCPA and/or MOC.

4.     Defendant Consumer Recovery Associates LLC ("CRA") is a Virginia limited
liability company, with offices at 2697 International Parkway, Parkway 4, Suite 270, Virginia
Beach, Virginia 23452 and 135 International Boulevard, Unit 8, Greenville, South Carolina. The
registered agent in Michigan for CRA is The Corporation Company, 30600 Telegraph Road,
Bingham Farms, Michigan 48025. CRA uses interstate commerce and the mails in a business the
principal purpose of which is the collection of debts. CRA regularly collects or attempts to
collect, directly or indirectly, debts owed or due or asserted to be owed or due another. In
December 2008 CRA filed with the State of Michigan an Application for Certificate of Authority
to Transact Business in Michigan for the stated purpose of "Debt Collection" and identifying
defendant James Fox, III as the Member/Manager of CRA. CRA is a "debt collector" as the term
is defined and/or used in the FDCPA. CRA is licensed (No. 2401002314) by the State of
Michigan to collect consumer debts in Michigan, with defendant James Fox, III named in the
license application and license as the Owner/Manager of CRA. CRA is a "collection agency"
and a "licensee" as the terms are defined and/or used in the MOC. CRA is a member of ACA
International, a trade group for debt collectors.

5.     Defendant James G. Fox III is the owner and member of defendant CRA. By
affidavit executed July 2, 2009 and filed in *Poirier v. Consumer Recovery Associates LLC,* Case
No. 2:09-cv-02458, United States District Court for the Eastern District of Pennsylvania, Mr.
Fox attested that he is the CEO of CRA and has personal knowledge of the workings of CRA on

2

account of his professional duties and responsibilities with CRA. Mr. Fox, directly or indirectly, uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Mr. Fox, directly or indirectly, regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Upon information and belief, Mr. Fox (a) created the collection policies and procedures used by CRA and its employees, (b) manages the daily collection operations of CRA, (c) oversees the application of the collection policies and procedures used by CRA and its employees, and (d) oversaw and approved the collection practices and procedures used by CRA and its employees in their efforts to collect an alleged debt from plaintiff Meredith Carson. Mr. Fox is a "debt collector" as the term is defined and/or used in the FDCPA. Mr. Fox is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.    Facts**

6.      In or about 1995, Ms. Carson opened a credit account with Associates National Bank. The account had a credit limit of $500.00 or less. Ms. Carson used the account to purchase goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

7.      It has been more than then ten years since Ms. Carson last made a payment on the account.

8.      Apparently, Associates National Bank claimed that Ms. Carson failed to pay off the account and that the account went into default.

9.      CRA is in the business of purchasing delinquent consumer accounts, typically paying less than five cents on the dollar. CRA attempts to collect money allegedly owed on the

3

purchased delinquent accounts debt.

10.     CRA claims to have purchased Ms. Carson's allegedly delinquent account.

11.     Alternatively, Associates National Bank or a successor in interest hired CRA to collect the allegedly delinquent account from Ms. Carson.

12.     Even if Ms. Carson did fail to pay off the account in full, the alleged debt no longer is judicially enforceable by operation of the applicable statute of limitation.  Stated differently, the alleged debt is time-barred.

13.     Ms. Carson disputes owing any money to Associates National Bank, CRA, or anyone else in connection with the account.

14.     Ms. Carson refuses to pay any money to Associates National Bank, CRA, or anyone else in connection with the disputed and time-barred account.

15.     In or about December 2009, a CRA employee telephoned Ms. Carson's brother and asked Ms. Carson's brother to disclose Ms. Carson's residential address and telephone number.  Ms. Carson's brother refused to provide the information.  The CRA employee instructed Ms. Carson's brother to deliver a message to Ms. Carson, instructing Ms. Carson to telephone CRA at 877-215-7439.

16.     Ms. Carson does not reside with her brother.

17.     Ms. Carson does not share a telephone line with her brother.

18.     Ms. Carson's brother's telephone number and the related telephone account are not in the name of Meredith Carson and are not linked in any way to the name, Meredith Carson.

19.     Ms. Carson's brother contacted his mother (who also is the mother of Ms. Carson) and delivered the message that CRA was attempting to contact Ms. Carson.

4

20.     In or about December 2009, Ms. Carson's mother telephoned CRA at 877-215-7439 and spoke with a CRA employee. Ms. Carson's mother told the CRA employee that Ms. Carson did not reside with her brother and demanded that CRA not contact Ms. Carson's brother again. The CRA employee asked Ms. Carson's mother to disclose Ms. Carson's residential address and telephone number. Ms. Carson's mother refused to provide the information. The CRA employee instructed Ms. Carson's mother to deliver a message to Ms. Carson, instructing Ms. Carson to telephone CRA at 877-215-7439 and regarding "Case Number 1003-495."

21.     CRA and its employee communicated with Ms. Carson's brother in connection with an attempt to collect a debt from Ms. Carson.

22.     CRA and its employee communicated with Ms. Carson's mother in connection with an attempt to collect a debt from Ms. Carson.

23.     The FDCPA states that a debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

24.     The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

25.     CRA and its employee communicated with Ms. Carson's brother for a purpose that went beyond the acquisition of location information. Specifically, CRA and its employee unlawfully asked Ms. Carson's brother to deliver a message to Ms. Carson.

26.     CRA and its employee communicated with Ms. Carson's mother for a purpose that went beyond the acquisition of location information. Specifically, CRA and its employee unlawfully asked Ms. Carson's mother to deliver a message to Ms. Carson and unlawfully stated

5

or implied that a lawsuit had been filed against Ms. Carson.

27. CRA and its employee falsely stated or implied that a lawsuit had been filed against Ms. Carson.

28. On or about December 7, 2009, Ms. Carson spoke by telephone with a female CRA employee. In the ensuing conversation, the CRA employee made the following representations:

a) CRA had purchased the account Ms. Carson had with Associates National Bank.

b) Ms. Carson had not made any payment on the account since May 17, 1999.

c) Although the account had a credit limit of only $500.00, Ms. Carson now owed $2,318.04 because the account had accumulated ten years worth of late fees, interest and penalties.

d) CRA would be willing to settle the account for a payment of $772.13.

e) CRA was in the process of filing a Form 1099-C with the Internal Revenue Service.

f) The Form 1099-C was a form that had to go out against Ms. Carson to the Internal Revenue Service for unreported income, so the balance of $2,318.04 would have to be considered income on Ms. Carson's behalf.

g) Once the Form 1099-C went out, the Internal Revenue Service would garnish Ms. Carson's wages and file liens against her property.

h) Ms. Carson did not have the right to dispute the debt.

Ms. Carson continued to state that she disputed the debt and wanted documentation to support CRA's claim that she owed a debt. Hearing that, the CRA employee began to shout, became

6

abusive, stated that CRA would note that Ms. Carson was refusing to pay, stated that CRA was turning Ms. Carson in to the Internal Revenue Service, and abruptly terminated the telephone call.

29.     CRA and its employee misrepresented the character, amount and legal status of the alleged debt.

30.     CRA and its employee made multiple false statements regarding the law and regulations regarding the filing of a Form 1099-C and the effect of filing a Form 1099-C.

31.     CRA and its employee falsely stated that CRA was in the process of filing a Form 1099-C with the Internal Revenue Service.

32.     CRA and its employee had no intention of filing a Form 1099-C against Ms. Carson.

33.     CRA and its employee misrepresented that CRA could file a Form 1099-C against Ms. Carson.

34.     CRA and its employee misrepresented that if CRA did file a Form 1099-C against Ms. Carson, the alleged balance of $2,318.04 would have to be considered income on Ms. Carson's behalf.

35.     CRA and its employee misrepresented that once CRA filed a Form 1099-C against Ms. Carson, the Internal Revenue Service would garnish Ms. Carson's wages and file liens against her property.

36.     The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled

7

to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 \*4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998).

37.     CRA and its employee falsely represented to Ms. Carson that she did not have the right to dispute the debt.

38.     CRA failed to send Ms. Carson a timely notice of her rights as required by 15 U.S.C. § 1692g.

39.     The acts, omissions and statements of the CRA employees were done wilfully.

40.     The acts and omissions of Mr. Fox were done wilfully.

41.     CRA, Mr. Fox, and CRA's employees wilfully violated the FDCPA and MOC.

42.     As an actual and proximate result of the acts and omissions of CRA, Mr. Fox, and CRA's employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.      Claims for Relief**

**Count 1– Fair Debt Collection Practices Act**

43.     Plaintiff incorporates the foregoing paragraphs by reference.

44.     Defendants have violated the FDCPA.  Defendants' violations of the FDCPA

include, but are not necessarily limited to, the following:

a)      Defendants violated 15 U.S.C. § 1692b;

b)      Defendants violated 15 U.S.C. § 1692c;

c)      Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

d)      Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

e)      Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

f)      Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)      Such further relief as the court deems just and proper.

**Count 2 – Michigan Occupational Code**

45. Plaintiff incorporates the foregoing paragraphs by reference.

46. Defendants have violated the MOC. Defendants' violations include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and (iii) that the nonpayment of a debt would result in the seizure, garnishment, attachment, or sale of the debtor's property, and

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

10

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: December 11, 2009

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com